IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Eugene Griffin, Jr., | ) C/A No. 3:12-717-MBS-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Jasper W. Cureton, Jr., in his individual and official capacity; V. Claire Allen, in their individual and official capacity, | ) |
| Defendants. | ) |

The plaintiff, Donald Eugene Griffin, Jr., ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a prisoner at Lee Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants a judge of the South Carolina Court of Appeals and a deputy clerk of court. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams,

490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Plaintiff complains that the defendants denied his application to proceed in a state court appeal *in forma pauperis*. The Complaint identifies Defendant Jasper W. Cureton, Jr. as an Associate Justice of the South Carolina Court of Appeals, and V. Claire Allen as Deputy Clerk of that court. (ECF No. 1 at 5.) In terms of relief, Plaintiff asks that this court "remand this matter back to the South Carolina Court of Appeals with INSTRUCTION for an APPEAL on both counts." (Id. at 7.) Plaintiff appears to be asking this court to either instruct the South Carolina Court of Appeals to reverse their denial of Plaintiff's application to proceed *in forma pauperis*, or to grant him relief in his appeal. Either way, his plea for relief is unavailing.

To the extent that the Complaint asks this court to direct a particular finding in a state court case, the Complaint can be interpreted as a petition for a writ of mandamus.

Page 3 of 8

PJG

See Black's Law Dictionary 973 (7th ed. 1999) (defining "mandamus" as a "writ issued by a superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly"); see also 28 U.S.C. § 1651.

Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of *its own* jurisdiction. See 28 U.S.C. § 1361; Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. See Moye v. Clerk, DeKalb Cnty. Superior Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner).

In Gurley, a state prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County, North Carolina to prepare a free transcript. The district court denied the relief sought by the prisoner. On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Fourth Circuit also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley, 411 F.2d at 587. The holding in Gurley was

PJG

cited by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). In Davis v. Lansing, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" Davis, 851 F.2d at 74; see also Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. See Craigo, 624 F. Supp. at 416.

Plaintiff's claims in this case are similar to those made by the unsuccessful prisoner in Gurley, in that Plaintiff asks the court to order a state entity to perform a certain action. For the same reasons that the Fourth Circuit found such claims to have been improperly raised in the North Carolina federal trial court involved in Gurley, Plaintiff's claims are not properly raised in this court. Since the defendants in this case are South Carolina officials, the United States District Court for the District of South Carolina does not have jurisdiction to issue a writ of mandamus against the defendants.

To the extent that Plaintiff's pleading asks this court to review the proceedings in a South Carolina state court and to enter an order/judgment which it declined to enter, this court is without jurisdiction to do so. The proceedings in state court cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983). In Feldman, the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can

PJG

only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the Rooker-Feldman doctrine. See, e.g., Ivy Club v. Edwards, 943 F.2d 270, 284 (3d Cir. 1991). The Rooker-Feldman doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. See Arthur v. Supreme Court of Iowa, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The Rooker-Feldman doctrine also applies even if the state court litigation has not reached a state's highest court. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 & nn.3-4 (9th Cir. 1986); see also 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); Robart Wood & Wire Prods. Corp. v. Namaco Indus., Inc., 797 F.2d 176, 178 (4th Cir. 1986).

The submission of a complaint that can be interpreted as a petition for a writ of mandamus in this case does not alter the fact that Plaintiff is in part attempting to have this court review proceedings of a South Carolina state court—something this court cannot do. See Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) ("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986) (principles barring review by federal district courts of state court decisions are not limited to actions which "candidly seek review" of the state court decree, but extend to other actions where constitutional claims are inextricably intertwined with the state

---

[1] Appeals of orders issued by lower state courts must go to a higher state court. Secondly, the Congress, for more than two hundred years, has provided that only *the Supreme Court of the United States* may review a decision of a state court in a direct appeal. 28 U.S.C. § 1257.



court's grant or denial of relief). See Hagerty v. Succession of Clement, 749 F.2d 217, 219-20 (5th Cir. 1984) (collecting cases); Wise v. Bravo, 666 F.2d 1328, 1333 (10th Cir. 1981).

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process for failure to state a claim on which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 12, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).